

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. CAMPOS,

                Plaintiff,

    -against-

MATTHEW ZUNTAG; MATTHEW DILGEN;
STEPHEN J. ROONEY; TUESDAY MONDI
MULLER; DANIEL M. DONOVAN, JR. ESQ.;
KIRSTEN KRUEGER; PAUL A. CAPOFARI;
ALLEN MEYER; L. RIENZI; MICHAEL
GOMPERS; EDWARD PATTERSON; MR.
TERRANOVA; and MICHAEL HARDING,
individually and in their official capacities,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
15-CV-3816 (CBA) (JO)

**AMON, Chief United States District Judge:**

    Plaintiff John S. Campos, currently incarcerated at Greene Correctional Facility, brings this pro se action pursuant to 42 U.S.C. § 1983.[1] On November 9, 2015, this Court granted Campos's request to proceed in forma pauperis, but dismissed his claims against defendants Matthew Zuntag, Stephen J. Rooney, Allen Meyer, L. Rienzi, Tuesday Mondi Muller, Kirsten Krueger, Paul A. Capofari, Michael Harding, and Michael Gompers without leave to amend. (D.E. # 10, Mem. & Order dated Nov. 9, 2015 ("November 9 Order"), at 11.) Campos's claims against defendants Daniel M. Donovan, Jr., Edward Patterson, Matthew Dilgen, and Officer Terranova (together with Patterson and Dilgen, the "NYPD Defendants") were dismissed with leave to amend. (Id.)

---

[1] This action, initially filed in the Southern District of New York, was transferred to this Court on June 29, 2015. (D.E. # 6.) Campos filed two related complaints in the Eastern District of New York, Campos v. Zuntag et al., 15-CV-3862, and Campos v. Capofari et al., 15-CV-4667, which were consolidated under this docket number on November 9, 2015. (See D.E. # 10.)

1

On November 23, 2015, Campos filed a letter requesting that the Court reconsider its decision to dismiss some of his claims without leave to amend, which the Court liberally construes as a motion for reconsideration. (D.E. # 12, Reconsideration Mot.) On November 24, 2015, Campos filed an amended complaint. (D.E. # 14, Am. Compl.) For the reasons stated below, Campos's motion for reconsideration is denied and the amended complaint is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

The Court assumes familiarity with the factual and procedural history of this action, as set forth in the Court's November 9 Order. Campos's amended complaint reiterates many claims already thoroughly considered and dismissed without leave to amend. The Court does not reprise its analysis of those claims here. With respect to those defendants as to which leave to amend was granted, Campos alleges only that: (1) Dilgen and Terranova gave false testimony on the date of October 29, 2014, and (2) after alleging that the prosecutors "conducted [their] illegal trial," lists Donovan's name. (Am. Compl. at 5.) The amended complaint contains no factual allegations about Patterson.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform

Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

### I. Motion for Reconsideration

The Court liberally construes Campos's request that the Court reconsider its November 9 Order as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 6.3.[2] Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, "a motion for reconsideration may not be used . . . as a vehicle for

---

[2] Campos may not seek reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b), which govern amendment of a judgment and relief from final orders, respectively, because the Court's Order dismissing Campos's complaint with leave to amend was not a final order subject to Rule 60, see Kozemchak v. Ukrainian Orthodox Church of Am., 443 F.2d 401, 401 (2d Cir. 1971), and judgment has not yet entered in this case.

relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing Shrader, 70 F.3d at 257). Ultimately, "[t]he determination of whether to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." Archer v. TNT USA, Inc., 12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014) (internal quotation marks and citations omitted). Campos seeks reconsideration on two grounds, neither of which merits reconsideration under this high standard.

First, Campos contends that the Court overlooked the Ex parte Young exception to Eleventh Amendment immunity. (Reconsideration Mot. at 1.) Under Ex parte Young, 209 U.S. 123 (1908), "a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law." State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (internal quotation marks and citation omitted). "In determining whether the Ex parte Young doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 636 (2002) (internal quotation marks and citation omitted). The only ongoing violation of federal law potentially alleged in Campos's submissions is his continued incarceration pursuant to what he believes to be an unconstitutional conviction. As explained in the Court's November 9 Order, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the exclusive means through which Campos can challenge his conviction or imprisonment.[3] Preiser v. Rodriguez, 411 U.S. 475, 499–500 (1973). Given that Campos does not allege an ongoing violation of federal law that

---

[3] Campos has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254, which is also pending before this Court. Campos v. Smith et al., 15-CV-6580.

4

can be remedied through § 1983, Ex parte Young would not have preserved any of the claims asserted in his original complaint from dismissal.

Second, Campos appears to suggest that the Court erred by not allowing individual-capacity claims to proceed against the prosecutors named as defendants in his initial complaint.[4] (Reconsideration Mot. at 1.) In so doing, he essentially attempts to relitigate whether prosecutorial immunity shields the prosecutors named in his initial complaint from § 1983 liability. (Id.) In the November 9 Order, the Court dismissed all official-capacity claims against the prosecutor defendants as barred by the Eleventh Amendment and all individual-capacity claims as barred by prosecutorial immunity. Both conclusions stemmed from the Court's determination that all of the allegations against the prosecutor defendants involved acts that occurred within the scope of their prosecutorial function. For example, Campos alleged that the prosecution took too long to commence the action against him, (D.E. # 1, Compl.), and "completely fabricated at least a portion of the indictment," (see id. at 8).

Campos now contends that the prosecutors were entitled only to qualified immunity, rather than absolute prosecutorial immunity, because the complained of misconduct occurred while they were acting in an investigative, rather than a prosecutorial, capacity. (Reconsideration Mot. at 1.) To support his position, Campos cites Zahrey v. Coffey, 221 F.3d 342, 347 (2d Cir. 2000), for the proposition that a prosecutor accused of fabricating evidence is performing an investigative function and therefore not entitled to absolute immunity. (Reconsideration Mot. at 1.) Although certainly relevant, Zahrey does not compel a different conclusion from that reached in the Court's November 9 Order. To the contrary, Zahrey and other Second Circuit decisions confirm that the conduct complained of here is undoubtedly shielded by prosecutorial immunity. In Zahrey, the

---

[4] The only other state officials named in the initial complaint were state court judges. All individual-capacity claims against the judge defendants were dismissed as barred by absolute judicial immunity. (November 9 Order at 7.)

5

prosecutor was alleged to have elicited false testimony during the investigative stage of the case and later presented the allegedly false testimony to the grand jury. 221 F.3d at 345–47. Although the prosecutor conceded that prosecutorial immunity did not apply to the earlier conduct that took place during the indisputably investigatory phase of the case, both parties agreed that prosecutorial immunity shielded the later presentation of allegedly false testimony to the grand jury. Id. at 347. Indeed, the Second Circuit has repeatedly affirmed that absolute prosecutorial immunity shields prosecutors for presenting false evidence to the grand jury because that conduct "lie[s] at the very core of a prosecutor's role as an advocate engaged in the judicial phase of the criminal process." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)) (reversing district court and holding that absolute prosecutorial immunity shielded prosecutors from claims arising from "misconduct in the presentation of evidence to the grand juries that returned the challenged indictments"); accord Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding prosecutors absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury); Hill v. City of N.Y., 45 F.3d 653, 660–61 (2d Cir. 1995) (holding prosecutors absolutely immune from liability for initiating a prosecution and conduct before the grand jury). Accordingly, to the extent that Campos alleges the prosecutors presented any fabricated evidence to obtain his indictment, absolute prosecutorial immunity shields the prosecutors from civil liability for those claims. In any event, Campos merely attempts to relitigate an issue already decided by the Court, an argument that does not merit reconsideration. See Shrader, 70 F.3d at 257.

Campos thus fails to demonstrate the exceptional circumstances necessary to warrant reconsideration of the Court's November 9 Order, and his application for reconsideration is denied. See Marrero Pichardo, 374 F.3d at 55.

## II. Amended Complaint

The Court's November 9 Order granted Campos leave to amend his claims only as to defendants Donovan, Patterson, Dilgen, and Terranova. Campos's amended complaint fails to cure the deficiencies noted in the Court's November 9 Order as to any of those defendants.

### A. Claims Against Donovan

Campos was granted leave to amend his claim against Donovan to establish whether he had personally participated in any alleged deprivations of Campos's rights. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). The amended complaint does not allege any personal involvement by Donovan in Campos's state criminal conviction. The only mention of Donovan in the Amended Complaint appears in a list of names following an allegation that the prosecutors "conducted [an] illegal trial." (Am. Compl. at 5.) This statement does not attribute any act or omission to Donovan. Because Campos has once again failed to allege that Donovan was personally involved in any constitutional deprivation, his claims against Donovan are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### B. Claims Against the NYPD Defendants

Campos similarly fails to cure the deficiencies in his claims against the NYPD Defendants. The amended complaint contains no allegations regarding Patterson. As to Dilgen and Terranova, Campos alleges only that they gave false testimony against him. (Am. Compl. at 5.) As explained in the November 9 Order, Dilgen and Terranova are entitled to absolute immunity for any claims arising from allegedly false testimony, whether before the grand jury or at trial. See Dory v. Ryan, 999 F.2d 679, 682–83 (2d Cir. 1983) ("[T]he Supreme Court has held that § 1983 does not

authorize a convicted defendant to assert a claim for damages against a police officer for giving perjured testimony at the defendants' trial." (citing Briscoe v. LaHue, 460 U.S. 325 (1983)); Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) (grand-jury law-enforcement witness is entitled to the same absolute immunity as a trial witness in actions under § 1983). Campos's claims against the NYPD Defendants are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

* * *

The Court is mindful that "a pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and citation omitted). However, "leave to amend a complaint may be denied when amendment would be futile." Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006). Given that the Court has already granted Campos leave to amend and he failed to cure any of the deficiencies identified in the November 9 Order, the Court concludes that leave to amend a second time would be futile and dismisses the complaint without leave to amend. See Coleman v. brokersXpress, LLC, 375 F. App'x 136, 137 (2d Cir. 2010) (affirming district court's dismissal of pro se complaint without leave to amend after district court "afforded . . . one opportunity to amend the complaint, and [plaintiff] made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend").

## CONCLUSION

For the reasons stated above, Campos's motion for reconsideration is denied and the amended complaint is dismissed without leave to amend for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. This action is dismissed in its entirety. The Clerk of

Court is directed to enter judgment accordingly and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED

Dated: April 8, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge